UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2006[*]
Decided May 4, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-4240

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:04 CR 0062 AS |
| CHRISTOPHER WABOL, *Defendant-Appellant*. | Allen Sharp, *Judge*. |

**O R D E R**

Christopher Wabol was charged with making threatening telephone calls to his mother in violation of 18 U.S.C. § 875(c). The district court granted his unopposed motion for a competency hearing and ordered a psychiatric evaluation. *See* 18 U.S.C. § 4241(a), (b). A government psychologist examined Wabol, but Wabol refused to allow the doctor access to records of recent psychiatric treatment. The district court denied the government's request for a release of those records, and ordered the psychologist to prepare a report anyway. The psychologist

---

[*] We previously granted the parties' joint motion to waive oral argument, and thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(f).

concluded that Wabol was not able to meaningfully assist with his defense, but without the prior medical records he could not determine whether Wabol would likely respond to treatment. At the conclusion of the hearing the government argued that Wabol was not competent to stand trial. Nonetheless, the district court concluded that Wabol was competent, and proceeded to trial.

During trial Wabol's counsel told the judge that Wabol was not assisting with his defense, and that Wabol wanted to examine his mother's teeth to determine if it was actually her or a "body double." While the judge was discussing the issue with counsel, Wabol continuously waved his arms and spoke aloud. The judge ordered the trial to continue, and the jury found Wabol guilty. Immediately after the verdict, the district court *sua sponte* ordered another competency hearing. *See* 18 U.S.C. § 4244(a). A government psychiatrist (who this time was given access to the prior medical records) concluded that Wabol was not competent to be sentenced but likely would improve with treatment that includes medication. The psychiatrist also testified that Wabol probably had not been competent to assist his counsel during the trial. The district court ruled that Wabol was not competent for sentencing, and ordered that he be committed to an institution for treatment. That ruling constitutes a provisional sentence which allows Wabol to appeal his conviction. *See* 18 U.S.C. § 4244(d); *United States v. Abou-Kassem*, 78 F.3d 161, 168 (5th Cir. 1996).

On appeal Wabol argues that the court erred in finding him competent to stand trial. "A criminal defendant must be mentally competent to stand trial." *Burt v. Uchtman*, 422 F.3d 557, 564 (7th Cir. 2005); *see also Matheney v. Anderson*, 377 F.3d 740, 744 (7th Cir. 2004); *United States v. Collins*, 949 F.2d 921, 927-28 (7th Cir. 1991). To be found competent, the defendant must understand the nature of the proceedings, and be able to assist counsel. 18 U.S.C. § 4241(a); *United States v. Moore*, 425 F.3d 1061, 1074 (7th Cir. 2005). The government bears the burden of proving that the defendant is competent to stand trial. *United States v. Teague*, 956 F.2d 1427, 1432 n.10 (7th Cir. 1992).

The only evidence presented at the first competency hearing was the testimony of the government psychologist who concluded after examining Wabol that he was not competent to stand trial. The prosecutor, in fact, conceded that Wabol was not competent, and Wabol's counsel did not argue otherwise. An expert's opinion is not necessarily conclusive, *see Burt*, 422 F.3d at 565, but the government concedes that in this case it was clear error for the court to disregard the doctor's assessment. *See Moore*, 425 F.3d at 1074 (stating that we review findings of defendant's competency for clear error). We agree with that view and with the parties' contention that the appropriate remedy is to vacate Wabol's conviction and remand for further proceedings.

VACATED and REMANDED.